```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

```
RICHARD WATKINS,                   :
                                   :
     Plaintiff,                    :
                                   :
v.                                 :    CIVIL ACTION 06-0732-M
                                   :
MICHAEL J. ASTRUE,¹                :
Commissioner of                    :
Social Security,                   :
                                   :
     Defendant.                    :
```

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 9).  The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 14).  Oral argument was waived in this action (Doc. 15).  Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the action be **REVERSED** and **REMANDED** to the Social Security Administration for further administrative proceedings.

---

    ¹Effective February 1, 2007, Michael J. Astrue was confirmed by
the Senate to serve as the Commissioner of Social Security.  Pursuant
to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J.
Astrue should be substituted, therefore, for Commissioner Jo Anne B.
Barnhart as the Defendant in this suit.  No further action need be
taken to continue this suit by reason of the last sentence of section
205(g) of the Social Security Act, 42 U.S.C. § 405(g).

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

Plaintiff was born August 28, 1958.  At the time of the administrative hearing, Watkins was forty-seven years old, had completed a high school education[2] (Tr. 366), and had previous work experience as an aircraft mechanic and truck driver (Tr. 72).  In claiming benefits, Plaintiff alleges disability due to "obesity, cervical degenerative disc disease, lumbar degenerative disc disease, osteoarthritis, hypertension, and a history of carpal tunnel syndrome (status post right carpal tunnel release)" (Doc. 9 Fact Sheet).

The Plaintiff filed applications for disability benefits and SSI on January 7, 2004 (Tr. 48-50, 322-324).[3]  Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although he could not perform his past

---

[2]Plaintiff testified that he had received a Graduate Equivalency Degree (Tr. 366).

[3]Records indicate that there was a protective filing date of December 15, 2003 for these applications (*see* Tr. 15).

relevant work, Watkins could perform some light work (Tr. 12-28). Plaintiff requested review of the hearing decision (Tr. 331-36) by the Appeals Council, but it was denied (Tr. 4-6).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Watkins alleges that:  (1) The ALJ improperly rejected his complaints of pain; (2) he does not have the residual functional capacity to perform the full range of light work; and (3) the ALJ should have called a vocational expert to testify as to the jobs that he could perform (Doc. 9).  Defendant has responded to—and denies—these claims (Doc. 10).

Watkins's third claim is that the ALJ should have called a vocational expert to testify as to the jobs that he could perform.[4]  The Court notes that once it was determined that the Plaintiff was incapable of performing his past work, the Secretary was required to show that the claimant was able to perform other substantial gainful work existing in the national economy.  *Cowart v. Schweiker*, 662 F.2d 731, 736 (11th Cir. 1981); *Lewis v. Weinberger*, 515 F.2d 584, 587 (5th Cir. 1975). "Ordinarily, the preferred method of demonstrating that the claimant can perform specific jobs is through the testimony of a vocational expert."  *Cowart*, 662 F.2d at 736.  While the testimony of such an expert is not required, "the ALJ must articulate specific jobs that the claimant is able to perform,

---

[4]Because the Court finds this claim has merit, it is unnecessary to address Plaintiff's other two claims.

and this finding must be supported by substantial evidence."  *Id*.
"A general finding that a claimant is able to perform the
requirements of [light] work activity is insufficient to
demonstrate that the Secretary has met his burden of showing that
claimant retains residual capacity to work."  *McRoberts v. Bowen*,
841 F.2d 1077, 1081 (11th Cir. 1988), *citing Cowart*, 662 F.2d at
736.

In this action, the ALJ found that Plaintiff was unable to
perform his past relevant work as an aircraft mechanic and truck
driver (Tr. 26).  The ALJ went on to find that Watkins could
"perform substantially all of the requirements of light work and
that his nonexertional limitations do not erode the light
occupational base" (Tr. 27).

The Court notes that Plaintiff has the nonexertional
impairments of obesity and hypertension which are severe (*see* Tr.
22).  Nonexertional impairments are limitations one suffers that
can not be measured in terms of strength.  20 C.F.R. §
404.1569a(a) (2006).  When a claimant suffers from nonexertional
factors, *MacGregor* strongly counsels the need for a vocational
expert.  *MacGregor*, 786 F.2d at 1054.

The Court finds that the ALJ's decision that Plaintiff can
perform light work is not supported by substantial evidence.  The
ALJ did not find that Watkins could perform a full range of light
work.  Because there are limitations in Plaintiff's abilities,
the ALJ should have called a vocational expert to testify as to
what work he could perform

Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence.  Therefore, it is **ORDERED** that the action be **REVERSED** and **REMANDED** to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing so that a vocational expert can testify as to the work which Plaintiff can perform.  Judgment will be entered by separate order.

DONE this 23rd day of May, 2007.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE