```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                  SOUTHERN DIVISION
```

RICHARD C. WATKINS,              :
                                 :
     Plaintiff,                  :
                                 :
vs.                              :    CIVIL ACTION 06-0732-M
                                 :
MICHAEL J. ASTRUE,               :
Commissioner of                  :
Social Security,                 :
                                 :
     Defendant.                  :

MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act with supporting time sheet (Doc. 18), Defendant's Objection to Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (Doc. 19), and Plaintiff's Response to Defendant's Objection to Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (Doc. 21).  After consideration of the pertinent pleadings, it is **ORDERED** that the motion be **GRANTED** and that Plaintiff's counsel be **AWARDED** an Equal Access to Justice Act (hereinafter EAJA) attorney's fee in the amount of $2,314.36.

Plaintiff filed this action on October 30, 2006 (Doc. 1). After the issues in dispute had been briefed, the Court, by Order dated April 25, 2007, set this action for oral argument on May 21, 2007 (Doc. 11).  On May 4, 2007, the parties filed a Joint Motion to Waive Oral Argument (Doc. 12), which was granted by

Order dated May 4, 2007 (Doc. 15).  The parties also filed on May 4, 2007, a Consent to the Exercise of Jurisdiction by a United States Magistrate Judge (Doc. 13) and, by Order that same date, Judge Steele referred this action to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. 636(c) and Fed.R.Civ.P. 73 (Doc. 14).  Based on the record before the Court, the undersigned Judge, on May 23, 2007, entered a Memorandum Opinion and Order and Judgment in favor of Plaintiff, reversing the decision of the ALJ and remanding this action for further administrative proceedings consistent with that Opinion (Docs. 16, 17).

On August 13, 2007, Byron A. Lassiter, counsel for Plaintiff, filed an Application for Attorney Fees Under the Equal Access to Justice Act with supporting time sheet, in which Plaintiff asserts that Defendant's position was not substantially justified and requests a fee of $2,314.36, computed at an hourly rate of $160.72 for 14.4 hours spent in this Court (Doc. 18).

Defendant, in his Objection filed August 20, 2007 (Doc. 19), contends that the Court should find that the Commissioner's position was substantially justified and requests that Plaintiff's claim for EAJA attorney's fees be denied (Doc. 19). Defendant does not object to the hours or hourly rate requested.

In Plaintiff's Response to Defendant's Objection (Doc. 21), Plaintiff asserts again his position that both the ALJ and the

Commissioner failed to meet the burden imposed upon them.

> The EAJA requires a court to
>
> award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ..., including proceedings for judicial review of Agency action, brought by or against the United States ..., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The EAJA further requires that a prevailing party file an application for attorney's fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). The court's judgment is final sixty days after it is entered, which is the time in which an appeal may be taken pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure. See Shalala v. Schaefer, 509 U.S. 292, 113 S.Ct. 2625, 2632 (1993).

As set out above, there are three statutory conditions which must be satisfied before EAJA fees may be awarded under 28 U.S.C. § 2412. *See Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990). First, the claimant must file an application for fees within the thirty-day period. Second, the claimant must be a prevailing party. Third, the Government's position must not be substantially justified. Defendant concedes that Plaintiff meets the first two conditions but asserts the Government's position was substantially justified.

With regard to this last condition, in order for Plaintiff to recover attorney's fees under the EAJA, the Government must fail to "establish that its positions were 'substantially justified' or that there exist 'special circumstances' which countenance against the awarding of fees."  *Myers*, 916 F.2d at 666 (interpreting and referring to 28 U.S.C. § 2412(d)(1)(A)).  That means that the Government must show that there was a "reasonable basis both in law and fact" for the positions it took.  *Myers*, 916 F.2d at 666 (citations omitted).  The Court notes that "[a]n examination of whether the government's position was substantially justified encompasses an evaluation of both the agency's prelitigation conduct and the subsequent litigation positions of the Justice Department ....  Unless the government can establish that all of its positions were substantially justified, the claimant is entitled to receive attorney's fees."  *Myers*, 916 F.2d at 666 n.5 (emphasis in original; citations omitted).  Though Defendant bears the burden of showing that its position was substantially justified, "[t]he fact that the government lost its case does not raise a presumption that the government's position was not substantially justified."  *Ashburn v. United States*, 740 F.2d 843, 850 (11th Cir. 1984).

In the Memorandum Opinion and Order dated May 23, 2007 (Doc. 16), the Court found as follows:

Watkins's third claim is that the ALJ should have called a vocational expert to testify as to the jobs that he could perform. The Court notes that once it was determined that the Plaintiff was incapable of performing his past work, the Secretary was required to show that the claimant was able to perform other substantial gainful work existing in the national economy. *Cowart v. Schweiker*, 662 F.2d 731, 736 (11th Cir. 1981); *Lewis v. Weinberger*, 515 F.2d 584, 587 (5th Cir. 1975). "Ordinarily, the preferred method of demonstrating that the claimant can perform specific jobs is through the testimony of a vocational expert." *Cowart*, 662 F.2d at 736. While the testimony of such an expert is not required, "the ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence." *Id*. "A general finding that a claimant is able to perform the requirements of [light] work activity is insufficient to demonstrate that the Secretary has met his burden of showing that claimant retains residual capacity to work." *McRoberts v. Bowen*, 841 F.2d 1077, 1081 (11th Cir. 1988), *citing Cowart*, 662 F.2d at 736.

In this action, the ALJ found that Plaintiff was unable to perform his past relevant work as an aircraft mechanic and truck driver (Tr. 26). The ALJ went on to find that Watkins could "perform substantially all of the requirements of light work and that his nonexertional limitations do not erode the light occupational base" (Tr. 27).

The Court notes that Plaintiff has the nonexertional impairments of obesity and hypertension which are severe (*see* Tr. 22). Nonexertional impairments are limitations one suffers that cannot be measured in terms of

5

> strength.  20 C.F.R. § 404.1569a(a) (2006).
> When a claimant suffers from nonexertional
> factors, *MacGregor* strongly counsels the need
> for a vocational expert.  *MacGregor*, 786 F.2d
> at 1054.
>
> The Court finds that the ALJ's decision
> that Plaintiff can perform light work is not
> supported by substantial evidence.  The ALJ
> did not find that Watkins could perform a
> full range of light work.  Because there are
> limitations in Plaintiff's abilities, the ALJ
> should have called a vocational expert to
> testify as to what work he could perform.

(Doc. 16, pp.3-4).

Defendant in his Objection (Doc. 31) states that there was a reasonable basis in law and fact for the Commissioner's position that Plaintiff had the residual functional capacity to perform light work.  Defendant contends that Plaintiff was not disabled by his functional limitations related to his musculoskeletal disorders and that the ALJ adequately contemplated that in the residual functional capacity he found Plaintiff retained, despite his obesity.  With regard to Plaintiff's cardiovascular functioning, Defendant claims the ALJ's decision was supported by a lack of objective medical findings.  Defendant does not dispute that Plaintiff had "severe" hypertension, shortness of breath, and swelling, all of which Defendant states are remediable or controllable medical conditions.

In Plaintiff's Response to Defendant's Objection (Doc. 21), Plaintiff notes that the Commissioner determined that Plaintiff

suffers from the severe impairments of obesity and hypertension, but points out that these medical conditions are clearly nonexertional in nature, the vocational impact of which cannot be measured in terms of strength.  Plaintiff states it is established precedent in the Eleventh Circuit that where severe nonexertional impairments are present, the burden of proof is on the Commissioner at the fifth step of the sequential evaluation process and "the preferred method of demonstrating that the claimant can perform specific jobs is through the testimony of a vocational expert."  Cowart v. Schweiker, 662 F.2d 731, 736 (11th Cir. 1981).

As set out above, in the Memorandum Opinion and Order and Judgment, the Court finds that, based upon a review of the entire record, the ALJ's decision is not supported by substantial evidence because there are limitations in Plaintiff's abilities.  The ALJ should have called a vocational expert to testify as to what work Plaintiff could perform.  Therefore, the Government's position was not substantially justified (Docs. 16, 17).

Having found that the three prerequisites have been satisfied, the Court will now discuss the fee to be awarded in this action.  The EAJA, like 42 U.S.C. § 1988, is a fee-shifting statute.  The Supreme Court has indicated that "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation

multiplied by a reasonable hourly rate.'"  <u>Watford v. Heckler</u>, 765 F.2d 1562, 1586 (11th Cir. 1985)(EAJA), quoting <u>Hensley v. Eckerhartt</u>, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983)(§ 1988).  In describing this lodestar method of calculation, the United States Supreme Court stated:

> This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.  The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed.  Where the documentation of hours is inadequate, the district court may reduce the award accordingly.  The district court also should exclude from this initial fee calculation hours that were not "reasonably expended" ....  Cases may be overstaffed, and the skill and experience of lawyers vary widely.  Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.  In the private sector, 'billing judgment' is an important component in fee setting.  It is no less important here.  Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.

<u>Hensley</u>, 461 U.S. at 434 (citations omitted).  Counsel must use professional judgment in billing under EAJA.  A lawyer should only be compensated for hours spent on activities for which he would bill a client of means who was seriously intent on vindicating similar rights.  <u>Norman v. Housing Authority</u>, 836 F.2d 1292, 1301 (11th Cir. 1988).

The Court, after examination of Plaintiff's Application and supporting documentation, and after consideration of the reasonableness of the hours claimed, finds that Plaintiff's time expended in prosecuting this action for a total of 14.4 hours is reasonable.

With respect to a determination of the hourly rate to apply in a given EAJA case, the express language of the Act provides in pertinent part as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(Supp. 1997).

In <u>Meyer v. Sullivan</u>, 958 F.2d 1029 (11th Cir. 1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act.

> The first step in the analysis, ... is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation."  ...  The second step, which is needed only if the market rate is greater than $75 per hour, is to determine whether the court should adjust the hourly fee upward...to take into account an increase in the cost of living, or a special factor.

Id. at 1033-34 (citations omitted & footnote omitted)[1].  The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. NAACP v. City of Evergreen, 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work.  Blum v. Stenson, 465 U.S. 886, 104 S.Ct. 1541, 1547 n.11 (1984).  Where the fees or time claimed seem expanded or there is lack of documentation or testimony in support, the court may make an award on its own experience. Norman v. City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).  Where documentation is inadequate, the court is not relieved of its obligation to award a reasonable fee, but the court traditionally has had the power to make such an award without the need of further pleadings or an evidentiary hearing. Id.

For years, the prevailing market rate in the Southern District of Alabama has been $125.00 per hour.  See e.g., Smith v. Massanari, Civil Action 00-0812-P-M (October 25, 2001); Boone v. Apfel, Civil Action 99-0965-CB-L (August 30, 2001); Lee v. Massanari, Civil Action 00-0518-RV-S (June 29, 2001); Willits v. Massanari, Civil Action 00-0530-RV-C (May 4, 2001); and Square v. Halter, Civil Action 00-0516-BH-L (April 12, 2001).  Recently, in

---

[1] Subsequent to Meyer, the cap was raised from $75.00 per hour to $125.00 per hour, as set out above in 28 U.S.C. § 2412(d)(2)(A)(Supp. 1997).

an action before Judge Cassady, that rate was increased to account for the ever-increasing cost of living. <u>Lucy v. Barnhart</u>, CA 06-0147-C.  In <u>Lucy</u>, the Court adopted the following formula to be used in calculating all future awards of attorney's fees under the EAJA: "'($125/hour) x (CPI-U Annual Average "All Items Index", South Urban, for month and year of temporal midpoint[2])/152.4, where 152.4 equals the CPI-U of March 1996, the month and year in which the $125 cap was enacted.'" (<u>Id</u>. At 11, quoting Doc. 31, at 2).  The undersigned agrees with Judge Cassady that the time has come to adjust the hourly rate and also adopts this formula in arriving at the appropriate hourly rate.

The temporal midpoint in this action was February 9, 2007, the complaint having been filed on October 30, 2006 (Doc. 1), and the Court having entered its Order and Judgment on May 23, 2007 (Docs. 16, 17).  The CPI-U for February 2007 was 195.950.  Plugging the relevant numbers into the foregoing formula renders the following equation: $125.00 x 195.950/152.4.  Completion of this equation renders an hourly rate of $160.72.

In conclusion, it is **ORDERED** that Plaintiff's Application be **GRANTED** as set out above and that Plaintiff's attorney be **AWARDED**

---

[2]"The appropriate endpoint for computing the cost of living adjustment is the temporal midpoint of the period during which the compensable services were rendered[;] ... [t]he temporal midpoint is calculated by computing the number of days from the date the claim was prepared until the date of the Magistrate or District Judge's Order and Judgment." <u>Lucy v. Barnhart</u>, CA 06-0147-C, Doc. 31, at 3.

11

an EAJA attorney's fee in the amount of $2,314.36.

DONE this 25th day of September, 2007.

<u>s/BERT W. MILLING, JR.</u>
UNITED STATES MAGISTRATE JUDGE